UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS FUENTES, | ) Civil Action No. _____ |
| Plaintiff, | ) |
| v. | ) |
| | ) **COMPLAINT** |
| MB RAILWAY SERVICES LLC, | ) **(law)** |
| An Indiana Corporation, | ) |
| | ) JURY TRIAL DEMANDED |
| and | ) |
| UNION PACIFIC RAILROAD COMPANY, | ) |
| A Delaware Corporation, | ) |
| Defendant. | ) |

COMES NOW Plaintiff Thomas Fuentes, and for his cause of action against Defendants MB Railway Services, LLC, an Indiana Corporation, and Union Pacific Railroad Company, a Delaware Corporation, states and alleges as follows:

**Parties to this Complaint:**

1. At the time of the acts and omissions giving rise to this action, Plaintiff Thomas Fuentes, an individual, was a resident and citizen of the State of Nebraska.

2. At the time of the acts giving rise to this action, and at all times relevant hereto, Defendant MB Railway Services LLC was and is an Indiana Corporation, with its principal place of business in the State of Indiana.

3. At the time of the acts giving rise to this action, and at all times relevant hereto, Defendant Union Pacific Railroad Company ("Union Pacific") was and is a Delaware Corporation, with its principal place of business in Omaha, Douglas County, Nebraska. At all times material

hereto, Union Pacific Railroad Company owned and operated various tracks, yards, and railroad facilities in the State of Nebraska; maintained its corporate headquarters in Douglas County, Nebraska; and was and is engaged in business as a common carrier in interstate commerce in the State of Nebraska and throughout the United States.

4. At the time of the events giving rise to this action, Defendant MB Railway Services LLC was performing operational activities under contract with Defendant Union Pacific Railroad Company—fueling locomotives in Union Pacific's North Platte rail yard—and, as such, were acting as agents of the Union Pacific within the meaning of the Federal Employers' Liability Act (FELA), 45 U.S.C. §51, *et seq*.

## Jurisdiction and Venue

5. The jurisdiction of this Court is invoked under 28 U.S.C. §1331, which grants the U.S. District Court original jurisdiction over all civil actions arising under the laws of the United States, including the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq*.

6. In addition to federal question jurisdiction, the jurisdiction of this Court is proper under 28 U.S.C. §1367 for Plaintiff's action against Defendant MB Railway Services LLC, which provides for supplemental jurisdiction, as a claim so related to the claim against the Defendant, Union Pacific, that it forms part of the same case or controversy under Article III of the United States Constitution as well as 28 U.S.C. §1332 which provides the Court with the power to hear all civil actions when the cause in controversy exceeds $75,000.00 and the parties are diverse in citizenship or state of incorporation.

7. Venue of this lawsuit in this Court is proper pursuant to 28 U.S.C. §1391, which expressly permits an action to be brought in a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred.  The claim at issue in this action arose out of events which occurred in North Platte, Lincoln County Nebraska, in the District of Nebraska.

## Facts

8. At all times material hereto, Defendant Union Pacific Railroad Company employed Plaintiff Thomas Fuentes as a remote control locomotive operator, and at the time of the incident described in this Complaint, all or part of Plaintiff's duties were in furtherance of Union Pacific's business in interstate commerce.

9. On or about the 4th day of October 2018, while working in the course and scope of his regular employment for Defendant Union Pacific Railroad Company, Plaintiff's job duties required that he ride on the side of a freight car in Union Pacific's North Platte rail yard.  While in the course of performing his work duties, a fuel truck owned and operated by Defendant MB Railway Services LLC , which was being used at that time to fuel Union Pacific locomotives, was operating in reverse and collided with the freight car on which Plaintiff was riding.  As a result of the collision, Plaintiff was crushed, fell to the ground, resulting in permanent injuries and damages, as set out in further detail hereinafter.

## Bases of Recovery

10. <u>Negligence Pursuant to the Federal Employers' Liability Act (Union Pacific)</u>.  The injuries and damages sustained by Plaintiff were caused by the negligence of Defendant Union Pacific Railroad Company and its agent, Defendant MB Railway Services LLC, in violation of the Federal Employers' Liability Act (FELA), 45 U.S.C. §51, *et seq*., in failing to provide a safe place to work, in failing to provide safe tools and equipment, in failing to adequately protect Plaintiff from the backwards movement, in failing to alert Plaintiff to the proximity of the fuel truck or warn

Plaintiff that a collision was imminent; in failing to conduct a proper job briefing before making the backward movement, and in other acts of negligence as may be determined.

11. <u>Strict Liability Pursuant to the Federal Employers' Liability Act (Union Pacific)</u>. The acts and omissions of Defendant Union Pacific Railroad Company and its agent, Defendant MB Railway Services LLC, described above, include violations of one or more safety rules, regulations and statutes, including the Defendant Union Pacific Railroad Company's own safety rules and regulations, and therefore constitute strict liability against the Defendants.

12. <u>Common Law Negligence (MB Railway Services, LLC)</u>. The acts and omissions of MB Railway Services, LLC failed to comply with the standard of care required for operations of a fuel truck in a railroad yard, failed to comply with Union Pacific safety rules and procedures, and was otherwise negligent for attempting a reverse movement without assuring that it was safe to do so which resulted in Defendant MB Railway Services, LLC's truck crushing Plaintiff.

**Damages**

13. As a result of the workplace incident described above, Plaintiff Thomas Fuentes suffered severe and permanent injuries to his hip, knee, and spine, which injuries and damages required extensive medical care, including multiple surgical procedures. As a further result of the workplace incident and injuries described above, Plaintiff suffered past and future physical and mental pain and anguish; past and future permanent injury, impairment, disability, loss of earnings and loss of earning capacity; all to his injury and damage.

14. As a further result of the workplace incident described above, Plaintiff Thomas Fuentes has incurred past net lost wages; and will incur ongoing wage losses in the future; and

has suffered a past and future loss of earning capacity.  Plaintiff's past and future economic losses will exceed $2,000,000.00.

WHEREFORE Plaintiff Thomas Fuentes prays for a jury trial in Omaha, Nebraska of the foregoing issues on each bases of recovery set out herein, and for judgment to be entered in his favor for general and special damages in an amount to be proven at the time of trial, and for such other and further relief as this Court deems just and equitable.

DATED this 20th day May 2020.

HUNEGS, LeNEAVE & KVAS, P.A.

s/William Kvas
William Kvas, #24930
Jayson D. Nelson, #22111 – Omaha Office
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, MN 55391
Tel: (612) 339-4511
Fax: (612) 339-5150
wkvas@hlklaw.com
jnelson@hlklaw.com

ATTORNEYS FOR PLAINTIFF